## NICHOLS v. POWELL.
### No. 35776.

Supreme Court of Oklahoma.

Dec. 1, 1953.

Rehearing Denied Jan. 19, 1954.

Jack Bradley, Hugo, for plaintiff in error.

Lon Kile, Hugo, for defendant in error.

O'NEAL, Justice.

Plaintiff alleged and offered evidence tending to establish that on the 5th day of February, 1949, at approximately 7:30 p. m., plaintiff was driving his automobile in a westerly direction on Highway 70, four miles east of the City of Boswell in Choctaw County, Oklahoma, at which point the defendant, C. E. Bruce, operating a truck in an easterly direction, collided with plaintiff's automobile damaging the same in the sum of $312.46, and for further damage for the depreciated value thereof the sum of $250.00, and the additional sum of $200.-00 for the loss of the use of his car during its repair.

Negligence was predicated upon an allegation that the defendant C. E. Bruce, operated a truck over the center of the road, and at an excessive rate of speed, and without adequate lights. It was further alleged that the defendant, C. E. Bruce, at all times complained of, was in the employ of the defendant, Paul Nichols, and that Bruce committed the acts of negligence above set forth while acting within the scope of his employment.

A verdict was returned in favor of the plaintiff and against each of said named defendants in the sum of $100.00. The defendant, Paul Nichols, brings the case here for review. Defendant C. E. Bruce did not appeal.

The defendant, Nichols, here contends that the verdict is not supported by the evidence and is contrary to law, and challenges the judgment rendered against him upon the theory that his co-defendant, Bruce, was not his agent or servant, but, on the contrary, was an independent contractor and, therefore, he was not liable for the negligent acts of his co-defendant, Bruce.

The answer of the defendant, Nichols, contained a general denial and a plea of contributory negligence of the plaintiff. He did not plead the affirmative defense of independent contractor. His evidence on this issue, in brief, is as follows: Plaintiff's evidence discloses that Nichols employed Bruce to haul some hay which Nichols had purchased from a Mr. Schuessler. Bruce was the owner and operator of the truck. The defendant, Nichols, and a Mr. Johnson, accompanied Bruce to the Schuessler's farm to get the hay. Defendant Bruce testified: "We had no agreement, he just hired me to haul a load of hay. He had paid me $3 a ton for another one."

The defendant, Nichols, testified that he employed Bruce to haul some hay, and that he accompanied Bruce to the Schuessler farm to show him where the hay was located; that he had employed Bruce on a previous occasion to haul hay for him at $3.00 a ton, and he intended to pay Bruce the same amount for the present hauling.

We find it unnecessary to consider whether the evidence is sufficient to sustain the defendant Nichol's contention that his co-defendant, Bruce, was an independent contractor, for the reason that we find fundamental error in the record demanding the reversal of the case.

Plaintiff alleged that Bruce was the agent and servant of Nichols, and that in the course of his employment Bruce negligently committed the acts resulting in the automobile collision and plaintiff's injuries. The defendant, Nichols, by separate answer, denied said allegations and submitted proof in support thereof.

Our examination of the entire written instructions fails to disclose that the trial court submitted an instruction covering the question of whether Bruce was the agent or servant of Nichols, and was acting within the scope of his employment at the time Bruce committed the acts of negligence charged. Moreover, we find that during the progress of the trial the jury returned into court and requested an instruction whether they could return a verdict against one defendant, or whether the verdict had to be returned against both defendants. The trial court orally instructed the jury as follows:

"The record will show that the jury is already instructed that under the law, as this evidence shows, it is the Court's duty as a matter of law to find certain matters. The questions of fact are for the jury. It became my duty under the testimony to hold that the defendants, Nichols and Bruce, occupied under the law the relationship of master and servant. You are instructed that based on this question, the defendants cannot be separated and any verdict found against one necessarily would have to be found against both or neither of them."

The defendant, Nichols, at the time excepted to the foregoing oral instruction.

We think the court erred in two respects: (1) It erred in not submitting the question of agency to the jury in its general instructions; and (2) it erred in advising the jury that as a matter of law "the defendants cannot be separated and any verdict found against one necessarily

would have to be found against both or neither of them."

The judgment.is reversed, with directions to grant the defendant, Nichols, a new trial.

WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.